UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, *et al.*,

                          Plaintiffs,  **REPORT AND RECOMMENDATION**
20-CV-03700 (DRH) (JMW)

     -against-

LAURA ELECTRICAL LIGHTING &
MAINTENANCE SERVICE INC., *et al.*,

                          Defendants.
------------------------------------------------------------X

**WICKS,** Magistrate Judge:

     Plaintiff Trustees of the Building Trades Educational Benefit Fund, the Building Trades Annuity Benefit Fund, the Building Trades Welfare Benefit Fund, and the Electrician's Retirement Fund commenced this action pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) and 29 U.S.C. 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking to recover unpaid fringe benefit contributions from Defendants Laura Electrical Lighting and Maintenance Service, Inc. ("Laura Electrical") and Constance Gargiulo pursuant to a collective bargaining agreement (the "CBA") entered into by the United Electrical Workers of America UIJAT, Local 363 and the Defendants. (DE 1 at 1–2.). Before the Court on referral from the Honorable Denise R. Hurley is Plaintiffs' motion for a default judgment. (DE 14.) For the reasons that follow, the undersigned respectfully recommends that Plaintiffs' motion for a default judgment be GRANTED as to liability, GRANTED IN PART AND DENIED IN PART as to damages, and that they, in turn, be awarded $58,018.87 in damages and $2,100.00 in attorney's fees.

## I. FACTUAL BACKGROUND[1]

Plaintiffs are fiduciaries of multi-employer labor management trust funds organized and operated in accordance with ERISA and the terms of the CBA. (DE 1 at 2.) Defendant Laura Electrical is an employer—as defined by Sections 1002(5) and 1145 of ERISA—and a party to the CBA. (*Id.* at 3.) Defendant Laura Electrical was obligated, pursuant to the CBA, to contribute to the relevant funds managed by Plaintiffs. (*Id.* at 2–3.) Defendant Gargiulo is, or was, an officer, agent, partner and or principal owner of Defendant Laura Electrical, and is therefore personally and individually obligated to assume all obligations of the company. (*Id.* at 3.)

In accordance with the CBA, Defendants were required to (1) submit contribution reports of the hours worked for each employee; and (2) to remit any contributions owed to the funds. (*Id.* at 4.) When Defendants failed to pay the required contributions, Plaintiffs conducted an audit of Defendants' records for the period of January of 2018 through September of 2019. (*Id.*) The audit revealed that Defendants failed to remit contributions totaling, at minimum, $44,722.01. (*Id.*) Defendants continue to refuse to remit the proper contributions in violation of the CBA. (*Id.*) As such, Plaintiffs commenced this action seeking to recover $61,188.37 from Defendants for unpaid benefit contributions, liquidated damages, interest, and attorney's fees. (*Id.* at 4–5.)

Defendants, however, failed to file an answer or otherwise respond to Plaintiffs' complaint, prompting Plaintiffs to request a certificate of default from the Clerk's office. (DE 7.) The Clerk's office entered the default on November 2, 2020 (DE 8), and Plaintiffs filed the present motion on June 10, 2021 (DE 14). Judge Hurley then referred the motion to the undersigned for a Report and Recommendation on June 11, 2021. (Electronic Order dated June 11, 2021).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment against non-answering defendants. Under Rule 55(a), "[w]hen a party against whom a judgment for

---

[1] The following facts are taken from the complaint (DE 1) and are assumed true for the purposes of this Report and Recommendation.

[default] is sought has failed to plead or otherwise defend, and that failure is show by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The decision to grant a motion for default is left to the discretion of the district court. *United States v. Dougherty*, CV 15-554 (ADS) (AKT), 2016 WL 5112063, at *3 (E.D.N.Y. Aug. 1, 2016). After the clerk's certificate of default issues, the moving party can apply for entry of a default judgment in accordance with Rule 55(b). *Trs. of Empire State Carpenters Annuity, Apprenticeship, Lab. Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. CV 12-6317 (ADS) (AKT), 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013). Once the motion is granted, the Defendant is assumed to have admitted all well-pleaded allegations in the complaint and allegations relating to defendant's liability are taken as true. *Id.* at *4.

A plaintiff is not, however, entitled to the windfall of default judgment as a matter of right; rather, the plaintiff must demonstrate that the allegations made in the complaint sufficiently "establish the defendant's liability on each asserted cause of action." *Id.* at *2. Even if the plaintiff moves against a non-answering party, the fact that no answer has been filed is insufficient to establish defendant's liability, as "a default does not establish conclusory allegations nor does is excuse any defects in the plaintiff's pleading." *Id.* (citing *Said v. SBS Elecs., Inc.*, No. CV 08–3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010)). In evaluating whether to grant a default judgment, courts consider (1) whether the defendant's default is willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer if the motion for default judgment is denied. *Id.*

It is beyond cavil that default judgments are disfavored and considered extreme. A trial on the merits is the preferred route. "A clear preference exists for cases to be adjudicated on the merits," and any doubts must be resolved in favor of the defaulting party. *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004) (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits[.]").

### III. DISCUSSION

#### A. Liability

Plaintiffs have made a sufficient showing that a default judgment as to liability is warranted here. *First*, the Court concludes that Defendants' default was willful. On August 24, 2020, Plaintiffs served a copy of the summons and complaint upon Defendant Gargiulo and filed Proof of Service with the Court on August 25, 2020. (DE 5.) Likewise, Plaintiffs served a copy of the Summons and Complaint upon Defendant Laura Electrical and filed Proof of Service with the Court on August 27, 2020. (DE 6.) The time for Defendants to answer or otherwise respond to the complaint has expired, and Defendants have not sought an extension of time to do so. Such inaction constitutes a willful default. *Dougherty*, 2016 WL 5112063 at *5. Indeed, "[w]hen a defendant is continually and 'entirely unresponsive,' defendant[s'] failure to respond is considered willful." *Flooring Experts, Inc.*, 2013 WL 4042357 at *3 (citing *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 6–CV–14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)). Thus, Defendants' unresponsiveness satisfies the willfulness prong of the liability analysis.

*Second*, Defendants do not appear to have a meritorious defense to Plaintiffs' claims. Notwithstanding Defendants' failure to respond to the complaint, Plaintiffs maintain the burden of demonstrating that the uncontested allegations are valid, and that Defendants are not armed with a meritorious defense. *Id.* at *4. Again, Plaintiffs seek to obtain from Defendants delinquent contributions and reports as required by the CBA. Moreover, ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Plaintiffs' audit shows that Defendants were delinquent on fringe benefit contributions in the amount of $44,722.01, in violation of the express terms of the CBA and, accordingly, ERISA. (*See, e.g.*, DE 11-1.) As such, the Court finds that Defendants lack a meritorious defense to Plaintiffs' asserted claims.

*Finally*, Plaintiffs would be prejudiced upon a denial of the present motion, namely because there are no other available alternatives to recover the unpaid benefit contributions.

In sum, Plaintiffs have satisfied their burden in showing that a default judgment regarding Defendants' liability is warranted here. As such, the undersigned respectfully recommends that Plaintiffs' motion for default judgment be granted as to Defendants' liability.

**B. Damages**

Notwithstanding a plaintiff's ability to establish liability on a motion for a default judgment, plaintiffs must additionally prove the existence of any damages that they seek to recover. *Flooring Experts, Inc.*, 2013 WL 4042357 at *5; *see La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible to mathematical computation.") (internal quotation marks and citations omitted). Although "court[s] must ensure that there is a basis for the damages specified in a default judgment, [they] may, but need not, make the determination through a hearing." *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1998), *aff'd*, 873 F.2d 38 (2d Cir. 1989). Plaintiffs here seek contribution reports and unpaid benefit contributions in the amount of $44,722.01; interest on the unpaid contributions in the amount of $4,352.46; liquidated damages in the amount of $8,944.40; and attorney's fees in the amount of $2,600.00.[2] In support, Plaintiffs have filed reasonably detailed affidavits and exhibits outlining the purported damages incurred. Where, as here, the defendants fail to make an appearance in the case, "the Court can make an informed recommendation regarding damages without an evidentiary hearing." *La Barbera*, 666 F. Supp. 2d at 348.

**i. Unpaid Benefit Contributions**

Plaintiffs seek to recover unpaid benefit contributions due to the funds, pursuant to the CBA, from January 1, 2018 through September 30, 2019. Plaintiffs rely on an audit report and business records, which reveal that Defendant failed to make contributions throughout this period. (DE 14-1 at 4; *see also* DE 11-

---

[2] Plaintiffs' requests track the damages permitted in ERISA actions brought by a fiduciary for or on behalf of a benefit plan to enforce rights under Section 1145. Specifically, the statute allows (1) unpaid contributions; (2) interest on unpaid contributions; (3) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan, not to exceed twenty percent; (3) reasonable attorney's fees and costs; and (4) such other legal or equitable relief the court deems appropriate. 29 U.S.C. § 1132(g)(2).

5

1 (audit report).) The CBA requires Defendants to make contributions to the funds for all hourly work performed by individual employees and to remit the contributions thereof. (DE 10-1 at 9.) Moreover, Section 515 of ERISA requires employers to submit benefit contributions in accordance with the CBA. 29 U.S.C. § 1145. Because "a fund contractually entitled to perform an audit of books and payroll records of an employer signatory to a collective bargaining agreement . . . may reasonably rely on the accuracy of said report in determining liability of the employer to the funds for delinquencies, incorrect contributions, and a general breach of contract obligations," *Flooring Experts, Inc.*, 2013 WL 4042357 at *6, Plaintiffs have met their burden in establishing unpaid benefit contribution damages.

### ii. Interest on Unpaid Contributions

Plaintiffs seek interest on the unpaid contributions in the sum of $4,352.46. Under 29 U.S.C. § 1132(g)(2), courts may award interest on unpaid contributions for any action involving delinquent contributions by a fiduciary on behalf of a plan or agreement. 29 U.S.C. § 1132(g)(2). Such interest may be determined by using the rate provided for under the applicable agreement and plan. *Bricklayers Ins. & Welfare Fund v. Primo Brick, Inc.*, No. 11-CV-5742, 2013 WL 2120338, at *5 (E.D.N.Y. Apr. 3, 2013). "An award will be confirmed as long as it 'draws its essence from the collective bargaining agreement.'" *Flooring Experts, Inc.*, 2013 WL 4042357 at *7 (quoting *187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 527 (2d Cir. 2005). Under the CBA, Defendant agreed to pay "interest on delinquent contributions calculated at the prime rate as stated in Federal Reserve Statistical Release on the date contributions are due, plus two percent (2%)." (DE 10-1 at 11.) Plaintiffs calculated the interest amount of $4,352.46 by, in accordance with the CBA, taking the prime rate and adding two percent for each month the contributions were owed but not paid. (DE 11 at 2–3.) Because this calculation mirrors what they are entitled to insofar as interest payments under the CBA, Plaintiffs have met their burden in establishing that they are entitled to interest on the unpaid contributions in the amount of $4,352.46.

### iii. Liquidated Damages

Plaintiffs allege they are entitled to liquidated damages in the amount of $8,944.40. "Section 502 of ERISA provides for liquidated damages in an amount equal to the greater of the interest due on the

unpaid contributions, or up to twenty percent of the unpaid contributions as provided in the collective bargaining and trust agreements." *Sullivan v. Marble Unique Corp.*, No. 10-CV-3582, 2011 WL 5401987, at *6 (citing 29 U.S.C. § 1132(g)(2)(C)); *see also Gesualdi v. D. Gangi Contracting Corp.*, No. 18-CV-3773, 2019 WL 1130729, at *7 (E.D.N.Y. Feb. 11, 2019), *report and recommendation adopted*, 2019 WL 1128356 (Mar. 12, 2019). Pursuant to the CBA, Defendant is required to pay liquidated damages "in the sum of twenty percent (20%) of the deficiency." (DE 10-1 at 11.) Twenty percent of the $44, 722.01 delinquent benefit contributions is correctly totaled to $8,944.40. Thus, Plaintiffs are entitled to liquidated damages in the amount of $8,944.40.

### iv. Attorney's Fees

Lastly, Plaintiffs seek attorney's fees in the sum of $2,600.00. Under ERISA, recovery of reasonable attorney's fees is mandatory upon a judgment enforcing payment of delinquent contributions. 29 U.S.C. § 1132(g)(2)(D); *Lanzafame v. L & M Larjo Co.*, No. 03-CV-3640, 2006 WL 2795348, at *6 (E.D.N.Y. Sept. 26, 2006) (adopting report and recommendation) ("Section 1132(g) mandates an award of reasonable attorney's fees in ERISA actions brought by fiduciaries to enforce the terms of a collectively bargained agreement."). In determining whether attorney's fees and costs are computed reasonably, "[t]he party seeking reimbursement of attorney's fees must demonstrate the reasonableness and necessity of hours spent and rate charged." *Flooring Experts, Inc.*, 2013 WL 4042357 at *8 (quoting *Finkel v. Omega Comm'n Servs., Inc.*, 543 F.Supp.2d 156, 164 (E.D.N.Y. 2008)). The hourly fees should be calculated in accordance with the prevailing hourly rates in the district where the court sits, and the number of hours spent should be reasonably documented and reflect the nature of the work completed in those set hours. *Id.* (citations omitted).

Regarding the reasonableness of hourly rate, the Court considers the experience and qualifications of Counsel seeking the fee award. Courts in this district have approved hourly fees rates in the range of $100.00 to $300.00 for associates. *Gesualdi v. Reid*, 198 F. Supp. 3d 211, 221 (E.D.N.Y. 2016) (Spatt, J.) (citations omitted). Ms. Carney is an associate with more than twenty years of experience in prosecuting claims on behalf of ERISA benefit funds. (DE 14-2 at 4.) According to her submissions, Ms. Carney's

7

hourly rate is $200.00 per hour, which falls squarely within the fee ranges accepted in this district. In addition to compensation for hours spent on this matter, Ms. Carney seeks a flat $500.00 fee for her preparation of an "[a]udit [d]emand [l]etter." (DE 9-4.)

Ms. Carney's submitted "contemporaneous" time sheets concerned the Court given that they were handwritten all on one page and appear to be written over whited-out language. (*Id.*) In light of these concerns, the Court reviewed counsel's submissions in other past cases, unearthing a number of timesheets from ERISA default judgment matters featuring the *exact* work descriptions and corresponding time spent as the present case. (*Compare id. with Trs. of the Building Trades Educ. Benefit Fund v. Preferred Elec. II, Inc.*, 16-cv-03294 (JFB) (AYS), DE 15-4 at 1 (E.D.N.Y. July 26, 2017); *Pegasus Elec., Inc.*, 17-cv-3450, DE 11-4 at 1 (E.D.N.Y Mar. 27, 2018); *Trs. of the Building Trades Educ. Benefit Fund v. Culver Elec., LLC*, 17-cv-03448 (DRH) (ST), DE 37-2 at 1 (E.D.N.Y. Dec. 10, 2020).) Because these documents called into question the contemporaneous nature of Ms. Carney's submissions, the Court held a hearing on December 17, 2021 on the sole issue of attorney's fees. (DE 17.) At the hearing, Ms. Carney described how her time was recorded and represented that her submitted time sheets were indeed contemporaneous, but that a summary sheet was prepared by another at the office based upon her time sheets.

Despite its initial concerns about the submitted time records, the Court is satisfied that Ms. Carney's time upon which the application is based was recorded contemporaneously. Thus, the Court concludes that Ms. Carney's hourly rate of $200.00 and the time spent is reasonable. Indeed, other courts have approved of Ms. Carney's hourly rate in similar cases. *See, e.g.*, *Trs. of Bldg. Trades Educ. Benefit Fund v. Pegasus Elec., Inc.*, 17-CV-3450 (JFB)(SIL), 2019 WL 245457, at *6 (E.D.N.Y. Jan. 17, 2019) (recommending approval of Ms. Carney's rate of $200.00 per hour), *report and recommendation adopted*, 2019 WL 955343 (Feb. 25, 2019); *Trs. of Laborers Union Local No. 1298 of Nassau & Suffolk Cntys. Benefit Funds v. Sitework Mgmt., Inc.*, No. 14-cv-3052, 2015 WL 1198665, at *17 (E.D.N.Y. Mar. 16, 2015) (same) (adopting report and recommendation). That said, the Court finds that the $500.00 flat fee for the preparation of the audit demand letter—given the apparent excessiveness of this fee and lack of information provided by Ms. Carney in support of her request thereof—is unreasonable. This case is not the first that

8

the Court has held that such a flat fee is inappropriate. *See, e.g.*, *Pegasus Elec., Inc.*, 2019 WL 245457 at *6 (finding Ms. Carney's request for $500.00 flat rate "Audit Demand Letter" fee as unreasonable); *Trs. of Operative Plasters & Cement Masons' Int'l Ass'n, Local 262 Welfare Fund, Annuity Fund, Pension Fund, & Apprenticeship Training Funds v. Mimosa Int'l*, No. 10-cv-2168, 2013 WL 1718913, at *7 (S.D.N.Y. Apr. 16, 2013) (same). Accordingly, the Court recommends that her request for that portion of her fees for preparation of the audit demand letter be denied. Ms. Carney is therefore entitled to attorney's fees reduced to a total of $2,100.00.

* * *

In sum, the undersigned respectfully recommends to the District Judge that Plaintiffs be awarded damages in the amount of $58,018.87 comprised of (1) contribution reports and unpaid benefit contributions in the amount of $44,722.01; (2) unpaid interest on the unpaid contributions in the amount of $4,352.46; (3) liquidated damages in the amount of $8,944.40. The undersigned additionally recommends Plaintiff be awarded attorney's fees in the amount of $2,100.00.

## IV. CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that Plaintiffs' motion for a default judgment as to liability be granted, that Plaintiff's motion as to damages be granted in part and denied in part, and that Plaintiff accordingly be awarded $58,018.87 in damages and $2,100.00 in attorney's fees.

## V. OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for Plaintiffs. Plaintiffs are directed to serve a copy of this Report and Recommendation on Defendants via first-class mail and promptly file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will

preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
December 14, 2021

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge